McKNIGHT (UNITED STATES v.). See Case No. 15,695.

MACKOY (UNITED STATES v.). See Case No. 15,696.

McLAIN (McCULLOCH v.). See Case No. 8,739.

---

## Case No. 8,868a.

### McLAIN v. RUTHERFORD.

[Hempst. 47.] [1]

Superior Court, Territory of Arkansas. April, 1827.

NOTES — DAYS OF GRACE — MAKER—PLEADING AT LAW—NOL PROS OF COUNT—ASSESSMENT OF DAMAGES—SUM CERTAIN—JURY.

1. The custom of merchants as to days of grace does not apply as between the maker and payee.

2. A plaintiff may enter a nolle prosequi to any count in his declaration.

3. When the sum is certain, or may be reduced to a certainty by computation, the intervention of a jury to assess damages is unnecessary.

Appeal from Pulaski circuit court.

[This was a suit by John McLain against Samuel M. Rutherford.]

Before JOHNSON, ESKRIDGE, and TRIMBLE, JJ.

OPINION OF THE COURT. Among the numerous points relied upon by the counsel to reverse the judgment of the court below, we deem it necessary only to notice two. First, it is contended that according to the custom of merchants the defendant was entitled to "days of grace," and consequently the action was brought before the instrument, upon which it was founded, became due. We are of opinion that the custom of merchants is not applicable to this case. From an examination of the instrument upon which the action was brought, it will be seen that it is merely a simple duebill, payable to the plaintiff himself, and not to him "or order." It is not negotiable, nor can it be transferred, unless by assignment, under the statute. But, had the note in this case been, from its phraseology, negotiable, even then, unless it had been actually transferred, the custom of merchants allowing days of grace would not apply. The custom of merchants does not apply to the immediate parties to the transaction, or, in other words, to the maker and payee. While a promissory note continues in its original form of a promise from one man to pay another, it bears no similitude to a bill of exchange. The resemblance begins from the first indorsement, and when once indorsed, the law relative to bills of exchange applies.

The second point we have thought worthy of notice is, that "the plaintiff had no right to enter a nolle prosequi on the second count, and take final judgment on the first." We are most clearly of opinion that the plaintiff,

[1] [Reported by Samuel H. Hempstead, Esq.]

in discontinuing the second count, acted in strict conformity with the most approved practice; the plaintiff having the undoubted right to the control of his own case. We are also of opinion that the judgment on the first count was correctly taken, the intervention of a jury being unnecessary. The rule, as established by the supreme court of the United States (Renner v. Marshall, 1 Wheat. [14 U. S.] 215), is this: Whenever an action is brought for a sum certain, or any sum that may be reduced to a certainty by computation, the intervention of a jury may be dispensed with. Judgment affirmed.